**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 15, 2017

LETTER TO COUNSEL

RE:   *Sandra Kay Jones v. Commissioner, Social Security Administration*;
      Civil No. SAG-16-936

Dear Counsel:

On March 30, 2016, Plaintiff Sandra Kay Jones petitioned this Court to review the Social Security Administration's final decision to deny her claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Jones's reply. (ECF Nos. 15, 16, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Jones's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Jones filed her claims for benefits in May of 2012, alleging a disability onset date of June 1, 2011. (Tr. 164-67). She amended her onset date to May 21, 2012. (Tr. 41). Her claims were denied initially and on reconsideration. (Tr. 117-21, 124-27). A hearing was held on August 18, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 37-66). Following the hearing, the ALJ determined that Ms. Jones was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 19-36). The Appeals Council denied Ms. Jones's request for review, (Tr. 5-10), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Jones suffered from the severe impairments of "degenerative disc disease, rheumatoid arthritis, and depression." (Tr. 24). Despite these impairments, the ALJ determined that Ms. Jones retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b); however, this individual is limited to standing and walking 2 hours and sitting 6 hours; occasional climbing of ramps and stairs; occasional climbing of ladders, ropes or scaffolds; occasional balancing, stooping, kneeling, crouching and crawling; frequent exposure to extreme cold, vibration, hazards and no assembly line pace or production quotas.

(Tr. 26). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Jones could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 31-32).

Ms. Jones raises several arguments on appeal, which do not challenge the RFC assessment made by the ALJ, but challenge the treatment of that RFC assessment under the governing regulations and guidelines. First, Ms. Jones alleges that the ALJ's RFC assessment should have been classified as "sedentary work," not "light work." Second, following on that argument, Ms. Jones contends that she was in a "borderline age range" such that she should have been found to be disabled under the Medical Vocational Guidelines because she was limited to sedentary work. Because I disagree with Ms. Jones's argument regarding the exertional classification of her RFC assessment, remand is unwarranted.

Ms. Jones contends that the ALJ's RFC assessment suggested that she could perform sedentary, not light, work. She is correct that her limited walking and standing capacity, as found by the ALJ, do not match the traditional requirements for light work. *See* 20 C.F.R. § 404.1567 (b) (noting that light work typically requires "a good deal of walking or standing."). However, light work also includes other types of physical exertion. *See* SSR 83-10, 1983 WL 31251, at *5 ("The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."). According to SSR 83-12, where an "individual's exertional limitations are somewhere 'in the middle' in terms of the regulatory criteria for exertional ranges of work, more difficult judgements are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability. Accordingly, [VE] assistance is advisable for these types of cases." *See* SSR 83-12, 1983 WL 31253, at *3. Here, the ALJ sought VE assistance, and obtained testimony that there were light jobs allowing the worker to sit for six hours during an eight hour workday. (Tr. 62-63). The restriction to approximately two hours of standing or walking rendered Ms. Jones capable not only of sedentary work, but of a reduced range of light work that would permit her to sit for the majority of the time. *See*, *e.g.*, *Hence v. Astrue*, No. 4:12-cv-1, 2012 WL 6691573, at *8 (E.D. Va. Nov. 30, 2012) ("[A]n RFC limiting standing or walking to about two hours does not mandate a finding that [Plaintiff] could *only* perform sedentary work.") (emphasis in original); *see also* 20 C.F.R. § 404.1567(b) (noting that a job can be light work "when it involves sitting most of the time with some pushing and pulling of arm or leg controls.").

In support of her interpretation, Ms. Jones cites an unpublished opinion from the Eastern District of Pennsylvania in which the Court concluded that a limitation to two hours of standing and walking places a claimant in the sedentary range. *See Campbell v. Astrue,* Civil No. 09-5356, 2010 WL 4689521 (E.D. Pa. Nov. 2, 2010). That authority is not binding, and the *Campbell* court's conclusion runs contrary not only to prior determinations I have made, but also to the determinations of other district courts within the Fourth Circuit. *See, e.g., Hence,* 2012 WL 6691573, at *8; *Stone v. Colvin,* No. TMD-14-2338, 2015 WL 5315769 (Sept. 9, 2015) (affirming an ALJ's reliance upon VE testimony that a restricted range of light jobs allows a worker to sit or stand at will); *Hensley v. Colvin,* No. 5:13-CV-27810, 2015 WL 566626 (S.D.W.Va. Feb. 10, 2015) ("To the extent that Claimant argues that his RFC as determined by the ALJ requires a finding that he can only perform sedentary work, his argument is

unpersuasive because he fails to understand the difference between the full range of light work and a reduced range of light work."); *Willoughby v. Comm'r, Soc. Sec.,* No. RDB-13-0489, 2013 WL 5496834, at *1 (D. Md. Oct. 2, 2013) (report and recommendations determining that a limitation to two hours of standing and walking fell within a reduced range of light work); *Moaney v. Astrue,* No. PWG-09-1838, 2010 WL 3719297, at *3 (D. Md. Sept. 17, 2010) (finding an RFC assessment limited to standing or walking for two hours "consistent with the ALJ's finding of a range of light work."). Accordingly, while I acknowledge the *Campbell* decision, I concur with the reasoning of the above-cited cases. The RFC determined by the ALJ in this case fell between the criteria for a full range of light work and a full range of sedentary work. The ALJ therefore properly obtained VE testimony and relied on the VE's expertise to determine that there were a significant number of light jobs that Ms. Jones could perform.

Finally, Ms. Jones suggests that even if the ALJ appropriately classified her RFC as a reduced range of light work, the ALJ did not "consider the extent of any erosion of the occupational base and assess its significance" as required by SSR 83-12. Under that SSR, "[w]here the extent of erosion of the occupational base is not clear, the adjudicator will need to consult a vocational resource." *See* SSR 83-12, 1983 WL 31253, at *2. That is precisely the course the ALJ followed in this case. Without using the term "erosion of the occupational base," the VE clearly testified, in response to questioning from the ALJ, that he had reduced the number of available positions "approximately 75 percent and I reduced them based on my experience for the limitation of a light position that only allows for two hours of standing in an eight hour day." (Tr. 63). The ALJ expressly credited that testimony in his opinion. (Tr. 31) ("The vocational expert testified that he had reduced all job numbers noted above by 75% based on his experience to reflect the limitation in standing and walking to 2 hours."). The regulations do not require use of the terms "erosion" or "significance," so long as there is evidence that the ALJ considered the effect of a claimant's limitations on the relevant occupational base. Here, the ALJ's actions fully complied with the regulations and guidelines.

In light of my determination that the ALJ appropriately classified Ms. Jones's RFC assessment to include a reduced range of light work, I need not consider the issues relating to her proposed "borderline age range." Such findings would be relevant to the outcome of her claims only if she were to be restricted to a sedentary RFC.

For the reasons set forth herein, Ms. Jones's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

*Sandra Kay Jones v. Commissioner, Social Security Administration*
Civil No. SAG-16-936
February 15, 2017

                                    Sincerely yours,

                                            /s/

                                  Stephanie A. Gallagher
                                  United States Magistrate Judge